UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KATHLEEN BONGIOVANNI, et al., | : | CIVIL ACTION NO. 06-3001 (MLC) |
|  | : |  |
|     Plaintiffs, | : | **MEMORANDUM OPINION** |
|  | : |  |
|     v. | : |  |
|  | : |  |
| KIMBALL MEDICAL CENTER, et al., | : |  |
|  | : |  |
|     Defendants. | : |  |

**THE COURT** ordering the parties to show cause why (1) the complaint insofar as it asserts claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, should not be dismissed for lack of jurisdiction, and (2) the action insofar as it concerns claims under state law should not be remanded to New Jersey state court for lack of jurisdiction (dkt. entry nos. 3 & 7); and the plaintiffs bringing this action in state court to recover damages for violations of the ADEA and state law (Compl.); and the defendants removing the action under 28 U.S.C. § ("Section") 1331 based on the ADEA claims (Rmv. Not.); and the Court, sua sponte, considering dismissal of the ADEA claims and remand of the state law claims, see Fed.R.Civ.P. 12(h)(3), see also 28 U.S.C. §§ 1446(a), 1447(c);[1] and

---

[1]  The plaintiffs also refer to Section 1343(a)(3) (concerning jurisdiction in actions to redress the deprivation of federal rights "under color of any State law, statute, ordinance, regulation, custom or usage") and Section 1346(b) (concerning jurisdiction in actions where the United States is a defendant). (Compl., at 2.)  The Court, as these statutes appear to be irrelevant here, will disregard these references.

**IT APPEARING** that a plaintiff under the ADEA must (1) exhaust administrative remedies before commencing an action in any court, (2) receive notice of the right to sue from the Equal Employment Opportunity Commission or appropriate agency, and (3) be within the protected class, see McCray v. Corry Mfg. Co., 61 F.3d 224, 228 (3d Cir. 1995) (noting ADEA amended to conform time limits for filing civil action to those for Title VII and to require notice of right to sue), see also 29 U.S.C. §§ 626(d)-(e), 631, Horvath v. Rimtec Corp., 102 F.Supp.2d 219, 230 (D.N.J. 2000);[2] and the plaintiffs here failing to allege that they have exhausted administrative remedies, have received notice of the right to sue, and are within the ADEA-protected class; and

**THE COURT** thus advising the parties that the Court intended to (1) dismiss the ADEA claims for lack of jurisdiction, and (2) remand the remaining state law claims — assuming the ADEA claims were dismissed — unless the parties demonstrated there is jurisdiction here (dkt. entry no. 3); and the Court directing the parties, if attempting to demonstrate jurisdiction, to submit (1) a copy of the charge sent by the plaintiffs to the appropriate agency, (2) proof of exhaustion of administrative remedies by the plaintiffs, (3) proof of notice of the right to sue, and (4)

---

[2]   Seredinski v. Clifton Precision Products Co., 776 F.2d 56 (3d Cir. 1985), states, "Unlike Title VII . . . ADEA does not require that a 'right-to-sue' letter be first obtained." Id. at 63.  However, Seredinski pre-dates McCray and the 1991 amendments to the ADEA adding the requirement of notice of the right to sue.

proof that the plaintiffs are within the ADEA-protected class (id.); and the Court advising the plaintiffs that a failure to strictly abide by the Court's directives, or an application for time to comply with jurisdictional requirements, would result in the dismissal of the ADEA claims (id.); and

**THE DEFENDANTS**, in response, agreeing that the Court should dismiss the ADEA claims (dkt. entry no. 5); and the plaintiffs — despite being (1) granted an extension of time until September 22, 2006 to respond (dkt. entry no. 7), and (2) advised of the extension in a telephone call from Chambers directly — failing to respond to the Court's inquiry; and thus the Court intending to (1) grant the order to show cause, (2) dismiss the ADEA claims for lack of jurisdiction, and (3) remand the remaining state law claims, see 28 U.S.C. § 1367(c)(3); and for good cause appearing, the Court will issue an appropriate order and judgment.

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge